IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**DAVID MALCOLM JONES,**

    **Petitioner,**

v.                                    **Case No. 5:07-cv-00484**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On August 6, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket sheet document # 1). Petitioner is presently incarcerated at FCI Beckley, in Beaver, West Virginia. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 21, 2005, following a jury trial, Petitioner was convicted in the United States District Court for the Eastern District of North Carolina of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. United States v. Jones, Case No. 7:05-cr-00042-F-1 (E.D.N.C.), docket sheet document # 27. On September 7, 2006, Petitioner was

sentenced to sixty months of imprisonment, to be followed by a three-year term of supervised release.  Petitioner was also ordered to pay a $3,000 fine, and a $100 special assessment.  (Judgment in a Criminal Case, # 56.)

On September 11, 2006, Petitioner appealed his Judgment to the United States Court of Appeals for the Fourth Circuit.  The appeal was docketed as No. 06-4967.

On August 6, 2007, Petitioner filed this case, which he captioned as "Motion to correct Judgement."  The Clerk docketed it as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, based on the allegations in the petition.

Meanwhile, the U.S. Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on August 17, 2007.  United States v. Jones, No. 06-4967 (4th Cir. Aug. 17, 2007).

The petition alleges that, according to North Carolina law, he was not a convicted felon as of the date on which he was indicted by the grand jury as a felon in possession of a firearm. (Pet., at 2-7.)  He also claims that he was denied effective assistance of counsel at trial.  Id., at 7-8.  His third claim concerns a witness who testified at his sentencing.  Id., at 9-11.

## ANALYSIS

The instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence.  Applications under 28 U.S.C. § 2255 are the exclusive remedy for

testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Given that Petitioner's appeal was only recently decided, he still has the opportunity to file a petition for a writ of certiorari in the Supreme Court of the United States, and he has a period of one year from his conviction being final in which to file a motion to set aside, correct or vacate sentence pursuant to 28 U.S.C. § 2255 in the district in which he was convicted. Such a motion cannot be filed in this district.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 motion and dismiss this matter from the court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal

Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    August 29, 2007
          Date

Mary E. Stanley
United States Magistrate Judge

4