**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DAVID MALCOLM JONES,

                Petitioner,

v.                                              CIVIL ACTION NO.  5:07-cv-00484

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION**

Pending before the Court is Petitioner's § 2241 Petition for Writ of Habeas Corpus [Docket 1]. By Standing Order entered August 1, 2006, and filed in this case on August 6, 2007, this matter was referred to United States Magistrate Judge Mary E. Stanley for the submission of proposed findings and a recommendation (PF&R). The magistrate judge filed her PF&R [Docket 3] on August 29, 2007. In that filing, Magistrate Judge Stanley recommended that this Court deny Petitioner's § 2241 petition and dismiss this matter from the Court's docket.

*I.  BACKGROUND*

The background of this case is set forth more fully in the PF&R. In short, on December 21, 2005, Petitioner, who is currently incarcerated at the Federal Correctional Institution in Beckley, West Virginia, was convicted by a jury in the United States District Court for the Eastern District of North Carolina of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On September 7, 2006, he was sentenced to a term of imprisonment of sixty months followed by a three-year term of supervised release.

Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit on September 11, 2006. While his appeal was pending, he filed this § 2241 petition on August 6, 2007, which he captioned as a "Motion to [C]orrect Judgment." Thereafter, the Fourth Circuit affirmed his conviction and sentence on August 17, 2007.

The Court notes that on May 16, 2008, Petitioner filed a corrected Motion to Vacate Under 28 U.S.C. § 2255 in the Eastern District of North Carolina. *United States v. Jones*, 7:05-cr-00042-F-1, Docket 81, (E.D.N.C. May 16, 2008).

## *II. THE PF&R*

In her PF&R, Magistrate Judge Stanley recommended that this Court find that Petitioner's § 2241 petition amounts to a collateral attack on his conviction and sentence, which is barred under 28 U.S.C. § 2255 unless there is a showing that a § 2255 motion is inadequate or ineffective.[*]

The magistrate judge found that because Petitioner's appeal was only recently decided, he still had an opportunity to file a petition for a writ of certiorari with the United States Supreme Court, and that he had one year from his conviction becoming final in which to file a § 2255 motion in the district of his conviction.

---

[*] Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

For those reasons, Magistrate Judge Stanley recommended that the § 2241 petition be dismissed.

### III. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge Stanley's PF&R were due by February 18, 2008, pursuant to the Court's Order entered on February 8, 2008. Petitioner timely filed his Objections to the PF&R [Docket 9] on February 15, 2008. Shortly thereafter, Petitioner filed a Motion to Amend his Objections [Docket 10]. There being no prejudice to the Government, the Court **GRANTS** Petitioner's motion to amend and will consider his objections so amended.

### IV. DISCUSSION

In his objections, Petitioner addresses the merits of his claim rather than "direct[ing] the Court to a specific error" in Magistrate Judge Stanley's PF&R. *Orpiano*, 687 F.2d at 47. Specifically, he fails to address the proposed finding that § 2255 is neither inadequate nor ineffective to address the issues contained in his petition. Consequently, he has failed to establish the grounds for relief pursuant to § 2241 as established in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and his

objections are **OVERRULED**. *See Thomas*, 474 U.S. at 150. Accordingly, the Court **ADOPTS** the magistrate judge's proposed finding that § 2255 is the exclusive remedy for Petitioner's challenge to his underlying federal conviction. Furthermore, the Court notes that because Petitioner currently has a § 2255 motion pending in the Eastern District of North Carolina, he will have an opportunity for that court to address the issues contained in this § 2241 petition.

*V. CONCLUSION*

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 3], **GRANTS** Petitioner's Motion to Amend his Objections [Docket 10], **OVERRULES** Petitioner's Objections [Docket 9 and Docket 10], and **DENIES** Petitioner's § 2241 Petition for Writ of Habeas Corpus [Docket 1]. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: July 14, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE